# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

MAR - 4 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

DONALD L. DUNCAN,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )    **Case No. CIV 09-188-RAW-KEW**
                                     )
MIKE MULLIN, Warden,                 )
                                     )
            Respondent.              )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his convictions and sentences in Okmulgee County District Court Case Number CF-2005-5003 for five counts of Lewd Acts to a Child Under Sixteen and one count of Rape by Instrumentation.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on September 13, 2006, petitioner entered an *Alford* plea in Case No. CF-2005-5003, and on December 22, 2006, his motion to withdraw the plea was denied by the Okmulgee County District Court. He did not file a notice of intent to appeal within ten days of the state district court's denial of his motion to withdraw plea, so his convictions became final on January 1, 2007. *See* Rule 4.2(D), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App. On April 15, 2008, petitioner filed an application for modification of sentence, which was construed as an application for post-conviction relief. The state district court found the issues in the application could have and should have been raised on direct appeal, so the application was denied. *Duncan v. State*, No. HCF-05-5003 (Okmulgee County Dist. Ct. May 29, 2008). Petitioner's attempted appeal of the district court's denial of post-conviction relief was denied as untimely. *Duncan v. State*, No. PC-2008-794 (Okla. Crim. App. Sept. 4, 2008). On October 16, 2008, petitioner filed a second application for post-conviction relief in the state district court, which was denied on the same date. The Oklahoma Court of Criminal Appeals affirmed the second

denial of post-conviction relief on March 16, 2009. *Duncan v. State*, No. PC-2008-1092 (Okla. Crim. App. Mar. 16, 2009). Petitioner filed this petition for a writ of habeas corpus on April 9, 2009.[1]

Under § 2254(d) petitioner had one year from the date his convictions became final, or until January 1, 2008, to file a federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Because petitioner did not initiate his post-conviction proceedings until the limitations period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges the state district court, the prosecutor, and his defense counsel all failed to advise him of the mandatory minimum he must serve for his crimes. He asserts he does not know the date he learned about the 85% Rule, but it was after his incarceration at Jess Dunn Correctional Center. Based on this vague and unsupported claim, he maintains the limitations period should be equitably tolled. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted).

---

[1] The court notes the habeas petition is dated April 1, 2009. Even if the petition is deemed to have been "filed" on that date, pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), it still is untimely.

To justify equitable tolling, an inmate must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to "diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001).[2]

Here, the court finds petitioner has not shown he diligently pursued his claims and that he was prevented from filing a timely petition by "extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. A claim of ineffective assistance of counsel arising from an attorney's negligence or mistake generally has not been considered an extraordinary circumstance with regard to equitable tolling. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). Furthermore, counsel's failure to inform a defendant of the collateral consequences of a guilty plea, such as the 85% Rule, does not render the plea involuntary or implicate the Sixth Amendment. *See Chrisman v. Mullins*, No. 06-6182, 2007 WL 102984, at **3 (10th Cir. Jan. 17, 2007) (unpublished opinion), *cert. denied*, 551 U.S. 1150 (2007).

The court further finds there is no evidence in the record to suggest petitioner is

---

[2] Although the respondent did not allege that petitioner was advised of the 85% Rule upon his reception into DOC custody, the DOC Case Management policies require case managers to develop, upon an inmate's reception into DOC custody, an individualized accountability plan using an Adjustment Review form. *See* OP-060101, viewed at www.doc.state.ok.us. The form contains information concerning the inmate's sentence, including whether it falls under the 85% rule. *See* DOC 060203A. Therefore, petitioner became aware, or could have become aware through the exercise of due diligence, that his sentence fell under the 85% Rule when he met with his case manager to review the Adjustment Review form, shortly after he was received into DOC custody in July 2007 (reception date obtained from www.doc.state.ok.us).

actually innocent of the charges of which he was convicted. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). He entered an *Alford* plea to the six counts against him, and has made no allegations of innocence.

ACCORDINGLY, respondent's motion to dismiss time barred petition [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this _4th_ day of March 2010.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**